IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHEQUITA L. JOINER**                                                                         **PLAINTIFF**

v.                                    Case No. 4:21-cv-00808-LPR

**TRAVIS ATKINSON and**
**SHERRY VANNATTAN**                                                 **DEFENDANTS**

**ORDER**

      Plaintiff Shequita Joiner, who is detained at the McPherson Unit of the Arkansas Division of Correction (ADC), reports difficulty receiving litigation documents from Defendants.[1] Ms. Joiner explains that, although documents sent by the Defendants were stamped received by the McPherson Unit on June 8, 2022, she was not notified of the mailing until June 28, 2022, and was denied the papers.[2] Ms. Joiner further explains that the return mail notice she received indicated that she was not allowed to have the papers because they did not contain a return address and exceeded a two-page copy limit.[3] Ms. Joiner seeks the Court's assistance in receiving her legal mail.[4] Her Motions are well-taken and are GRANTED in part and DENIED in part.

      At the inception of this case, all parties represented themselves. Whenever a party is incarcerated, the Clerk of Court routinely seals the personal addresses of any non-incarcerated litigants. A review of the record reveals that the need for sealed addresses no longer exists. Ms. Vannattan has retained counsel,[5] and Mr. Atkinson has provided the Court a post office box for his mailings. The Clerk of Court is directed to update Mr. Atkinson's address to: P.O. Box 229, Mountain Home, AR 72654. Having alleviated the reported problem that was preventing Ms.

---

[1] Pl.'s Mot. for Order and Mot. to Appoint Counsel (Doc. 23) at 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*; Pl.'s Mots. for Status (Docs. 24, 30, 34); Pl.'s Mot. for Order (Doc. 25).

[5] Notices of Appearances (Docs. 26, 27).

Joiner from receiving documents under the ADC's mailing policies, Defendants are ordered to provide Ms. Joiner copies of any correspondence they previously mailed to her.

Ms. Joiner's Motion to Appoint Counsel is DENIED without prejudice.[6] A civil litigant has no constitutional or statutory right to counsel, and the decision whether to make an appointment is within the Court's discretion.[7] This case is young, and its facts are not so complex as to warrant the appointment of counsel at this stage.

Ms. Joiner's Motion for Settlement Conference is DENIED without prejudice.[8] The Court will only schedule a settlement conference if all parties agree. Ms. Joiner's Motions for Status Update are GRANTED in part.[9] The Clerk of Court is directed to send Ms. Joiner a copy of the docket sheet along with this Order.

Ms. Joiner's Motion for Extension of Time to comply with the Rule 26 Report is GRANTED.[10] The parties have until November 11, 2022, to file a joint Rule 26(f) status report.

IT IS SO ORDERED this 4th day of October 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[6] Doc. 23.

[7] *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

[8] Doc. 24.

[9] Docs. 24, 30, 34.

[10] Doc. 30.