**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SHEQUITA L. JOINER**                                                        **PLAINTIFF**
**ADC #709661**

**v.**                              **Case No. 4:21-CV-00808-LPR**

**TRAVIS ATKINSON and**
**SHERRY VANNATTAN**                                              **DEFENDANTS**

<u>**ORDER**</u>

The Court has previously dismissed Ms. Joiner's original Complaint, which the Court concluded tried but failed to state Title VII claims against Mr. Atkinson and Ms. Vannattan.[1] However, out of an abundance of caution, the Court noted that Ms. Joiner might be trying to bring a Title VII claim against SemahTronix, LLC and might be trying to bring other claims against Mr. Atkinson and Ms. Vannattan.[2]  Accordingly, at a hearing on May 9, 2023, the Court told Ms. Joiner (who is in prison and proceeding *pro se*) that she could file a motion for leave to amend her complaint along with a proposed amended complaint.[3]  Among other things, the Court had the following colloquy with Ms. Joiner:

> THE COURT: Based on what you've told me today, the way to go about this is for you to file a motion to amend the complaint and it's actually, it's called a motion for leave to amend the complaint. That can be a very short document asking the Court to allow you to amend your complaint. Attached to that document, however, needs to be a longer document that actually is your new proposed complaint, okay?
>
> MS. JOINER: Yes, sir.
>
> THE COURT: And I want to make very clear the new proposed complaint is going to, if I accept it, is going to supersede and replace the original complaint. That means the original complaint will completely go away and be as if it did not exist. So what that means is anything at all, and I want to be very clear here because I'm going to hold you to this. Anything at all that is in the new complaint is what I'm

---

[1] Consolidated Order (Doc. 43); Order (Doc. 54).

[2] Order (Doc. 45).

[3] May 9, 2023 Hr'g Tr. (Rough) at 23–24.

going to look at. So anything you want to tell me, any facts, anything you want to tell me must be in that new complaint. It does not matter if it was in the old complaint, you need to repeat it in the new complaint, okay?

MS. JOINER: Yes, sir.

THE COURT: Okay. Second, you have said here that you are not pursuing, did not mean to pursue, and do not want to pursue a [T]itle [VII] claim. I've asked you repeatedly about that and you have said that repeatedly. I am going to hold you to that, which means you cannot put anything about [T]itle [VII] in your new complaint. If you do[,] I won't allow the amendment. I may not allow the amendment anyway, but for sure I won't allow the amendment if there's something [about] [T]itle [VII]. Instead[,] what you are telling me is what you tried to plead at the beginning and what you want to plead now is a 1983 claim and a 1981 claim. So that needs to be very very clear in your amended complaint. It needs to make clear that you are walking away from any [T]itle [VII] claim you had and it needs to say that you are trying to raise a 1981 and 1983 complaint, and then you need to put in any facts and all facts that you think support your 1981 and 1983 complaints. In addition, you need to be extra clear about who you are trying to sue here for your 1981 and 1983 complaints. If you are trying to sue just Mr. Atkinson or just Ms. Van[n]attan or both of them, you need to say that. If you are trying to sue both of them and SemahTronix or whatever the name of the company is, then you need to say that and be very, very careful and list them out as different defendants. No[w] if you're trying to get all three, you have to list out all three. Do you understand?

MS. JOINER: Yes, sir.[4]

Ms. Joiner's Motion for Leave to File an Amended Complaint does not comply with the Court's clear directions.[5]   It does not appear to attach a proposed amended complaint.[6] Alternatively, if the one-page attachment entitled "Reasoning for Name Defendant(s)" is intended to be an amended complaint, that document includes nothing more than conclusory allegations.[7] In short, the Motion for Leave to File an Amended Complaint meets neither the Local Rules requirements nor the requirements I made clear at the hearing.[8]  And the attachment—if meant to

---

[4] *Id.* at 23–25.

[5] *See* Mot. for Leave to File Am. Compl. (Doc. 63).

[6] *See id.*

[7] *See id.* at 2.

[8] *See* Local Rule 5.5(e); May 9, 2023 Hr'g Tr. (Rough) at 23–24.

be a proposed amended complaint—fails to state a viable claim.  To the extent Ms. Joiner wanted to incorporate her original Complaint in this new filing, the Court took pains at the hearing to explain this could not be done.  That is made clear in the block quote above.[9]

Whether the Court denies the Motion for Leave to File an Amended Complaint or grants it and substantively screens the attachment as an amended complaint, the result is the same.  This case is dismissed.[10]

IT IS SO ORDERED this 2nd day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[9] *See supra* note 4 and accompanying text.

[10] The Clerk's Office is directed to administratively remove the gavel on Doc. 63.